[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

No. 09-15609
Non-Argument Calendar

_____

D. C. Docket No. 07-01315-CV-ORL-DAB

GLENN SCOTT FANNIN,

Plaintiff-Appellant,

versus

UNITED SPACE ALLIANCE, LLC,
d.b.a. USA,
ZARAH P. SHAW,
Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Glenn Scott Fannin appeals the district court's grant of summary judgment to United Space Alliance, LLC ("USA") and Zarah P. Shaw as to his complaint alleging that he was denied a merit pay increase in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). On appeal, Fannin argues that the magistrate improperly granted summary judgment by misinterpreting USERRA. After thorough review, we affirm.

We review an order granting summary judgment de novo, viewing all of the facts in a light most favorable to the non-movant, and drawing all inferences in his favor. Frederick v. Spring/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." Id. "Mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (2005). Generally, we do not consider issues not raised in the district court. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

USERRA provides that a member of the Armed Services "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership." 38 U.S.C. § 4311(a). Congress enacted USERRA "to encourage noncareer service in

the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service" and "to minimize the disruption to the lives of the persons performing service in the uniformed services as well as to their employers." 38 U.S.C. § 4301(a)(1), (a)(2).

USERRA further provides that "[a] person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed." 38 U.S.C. § 4316(a). In addition, a person who is absent from the workplace while in uniformed service shall be entitled "to such other rights and benefits <u>not determined by seniority</u> as are generally provided by the employer . . . to employees having similar seniority, status, and pay who are on furlough or leave of absence . . . ." 38 U.S.C. § 4316(b)(1)(B) (emphasis added).

The Code of Federal Regulations provides that "[i]f the employee is reemployed in the pre-service position or another position, the employer must compensate him or her at the rate of pay associated with the position in which he or she is reemployed. As with the escalator position, the rate of pay must be determined by taking into account any pay increases, differentials, step increases,

merit increases, or periodic increases that the employee would have attained with reasonable certainty had he or she remained continuously employed during the period of service." 20 C.F.R. § 1002.236(b).

Here, Fannin has clarified that he is only appealing the analysis employed by the magistrate judge in the summary judgment order on Fannin's merit pay claim. USA is correct that Fannin never advanced the legal argument below that he now raises on appeal. USA and Shaw argued in their motion for summary judgment that Fannin was not entitled to a merit pay increase, because, at USA, merit pay increases are not seniority-based benefits. In his opposition, Fannin did not argue that USA misstated the law with regard to merit pay increases under USERRA. He did not argue about the code section and regulation that he now espouses, and he did not even frame his response as a legal argument about merit pay increases. Likewise, in his motion for a new trial, Fannin did not advance an argument that the district court improperly analyzed his merit pay increase claim. Therefore, Fannin now relies on an argument that he did not raise before the district court, and we decline to consider its merits.[1]

**AFFIRMED.**

---

[1] But even if we were to address the merits of the claim, we are unpersuaded. Because Fannin did not present evidence supporting his claim, the magistrate judge properly granted summary judgment. Moreover, because the remainder of Fannin's claims are based on the magistrate judge's alleged error at summary judgment, we do not address those claims.